IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

KEITH RUSSELL JUDD, Petitioner,

v.    No. _____

Secretary of State of Louisiana;
STATE OF LOUISIANA, Respondents.

**11-1501**
**SECT. N MAG. 2**

COMPLAINT FOR DECLARATORY JUDGMENT AND PRELIMINARY INJUNCTION; ELECTIONS-VOTING

    Petitioner, Keith Russell Judd, Pro Se, hereby petitions this Court for Declaratory Judgment and Preliminary Injunction with regards to placement of Keith Russell Judd, on this State's 2012 Presidential Primary Election Ballot as a Democratic Candidate for President of the United States; and to Declare all State Laws in conflict as unconstitutional under the U.S. Constitution, including requirements of Democratic Party placement on Ballot;

    In addition, Petitioner asks for Declaratory Judgment of all convicted felons' right to Vote in the Federal Presidential Primary Election under the Constitution of the United States, the National Voter Registration Act, 42 U.S.C. § 1973gg, et seq,, the Help America Vote Act, 42 U.S.C. § 15482, et seq., the Voting Rights Act, 42 U.S.C. § 1973, et seq. and the Civil Rights Act, 42 U.S.C. § 1983, and any other applicable Laws, and for a Preliminary Injunction.

JURISDICTION OF THIS COURT

    This Court has jurisdiction under the Fourteenth Amendment of the United States Constitution, 42 U.S.C. § 1983, the National Voter Registration Act, 42 U.S.C. § 1973gg-9(b), the Help America Vote Act, 42 U.S.C. § 15482, et seq., the Civil Rights Act, 42 U.S.C. § 1983, and general Federal Question Jurisdiction.

FACTS RELEVANT TO RELIEF REQUESTED

1.) Petitioner, Keith Russell Judd, is a declared Democratic Candidate for President of the United States in all Presidential Primary Elections, and is registered with the Federal Election Commission, No. **C00302919**, at, **1-800-424-9530**.

2.) Petitioner has repeatedly filed with and petitioned the State and Secretary of the State and/or Chief Election Officer, for Presidential Primary Election and/or General Election Ballot Placement since 1994. This State has denied proper Presidential Ballot Placement in the 2008 Democratic Presidential Primary Election.

3.) Petitioner has requested Ballot placement in the State's 2012, Democratic Presidential Primary Election, and the State has denied ballot placement in advance.

TENDERED FOR FILING
JUN 10 2011
U.S. DISTRICT COURT
Eastern District of Louisiana

Fee _____
Process _____
x Dktd _____
___ CtRmDep _____
___ Doc. No. _____

4.) The State has either delegated the Ballot Placement to the State Democratic Party, or required excessive fees for Ballot Placement, or required excessive petitions to be signed, or based Ballot Placement upon National Media attention, or qualifying for Primary Presidential Matching Funds from the Federal Election Commission. Any or all of these conditions violate the U.S. Constitution. In addition, this State should not engage in conflict of interest Ballot restrictions based on litigation. See, Judd v. FCC, FEC, et al., 723 F.Supp.2d 221 (D.D.C. 2010).

5.) In 2008 this State obstructed or denied Presidential Primary Election Ballot Placement, even after Keith Russell Judd, timely paid filing fees and filed proper petitions and met all Article II qualifications under U.S. Constitution.

6.) Petitioner has repeatedly filed and petitioned the State Respondents to register all convicted felons, in and out of prison, to Vote in Federal Elections, and to sign Ballot Petitions for Presidential Candidate. However, the Respondents have either failed to provide relief or refused based on State Laws or other provisions that violate the qualifications to Vote in the U.S. Constitution and the National Voter Registration Act and Help America Vote Act and Voting Rights Act.

7.) The officers and employees have violated the Hatch Act, 5 U.S.C. § 1501 - § 1508 or 5 U.S.C. § 7321 - § 7326 to obstruct and effect the results of an Election.

## RELIEF REQUESTED

1.) Petitioner asks for a Judgment Declaring his rights under the U.S. Constitution to Ballot Placement in the 2012 Democratic Presidential Primary Election, and to Declare all State Laws in conflict as unconstitutional under the U.S. Constitution;

2.) Petitioner asks for a Preliminary Injunction to require the Respondents and all others acting in concert, to place the name of KEITH RUSSELL JUDD, on the 2012 Presidential Primary Election Ballot, or equivalent, as a Democratic Candidate for President of the United States, without fees or tasks that are impossible;

3.) Petitioner asks for a Judgment Declaring convicted felons' rights to Vote in all Federal Elections under the U.S. Constitution, and to Declare all State Laws in conflict as unconstitutional under the U.S. Constitution;

4.) Petitioner asks for a Preliminary Injunction to compel the Respondents and all others acting in concert, to register all convicted felons, in and out of prison, to Vote in the 2012 Presidential Primary Election or equivalent, and to facilitate convicted felons' signing of Ballot Petitions and Voting in the 2012 Presidential Primary Election or equivalent, and pursuant to the National Voters Registration Act and Help America Vote Act and Voting Rights Act.

5.) In addition: Petitioner asks for any other relief appropriate and just.

Date: June 5, 2011

RESPECTFULLY SUBMITTED,

/s/ Keith Judd
KEITH RUSSELL JUDD, Petitioner
P.O. Box 7000, #11593-051
Texarkana, Texas, 75505

VERIFICATION OF COMPLAINT/PETITIONER

I, Keith Russell Judd, declare under penalty of perjury that the facts stated herein are true to the best of my knowledge and belief, and that I have investigated and researched and found the issues to be grounded on fact and solid Constitutional and Legal Merit.

Witness My Seal — — — — — — — — — — — —

SUBSCRIBED AND SWORN TO
UNDER PENALTY OF PERJURY,

/s/ Keith Judd
KEITH RUSSELL JUDD
aka Keith Judd

PROOF OF FILING AND SERVICE

I declare under penalty of perjury pursuant to Houston v. Lack, 487 U.S. 266 (1988), that on June 5, 2011, I mailed this with First Class U.S. Postage prepaid and properly addressed to:

1.) U.S. District Court, 500 Poydras Street, Room C-151, New Orleans, LA, 70130

By /s/ Keith Judd
KEITH RUSSELL JUDD

RESPONDENTS:

Secretary of State of Louisiana
Elections Division
P.O. Box 94125
Baton Rouge, Louisiana, 70804-9125

3

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

KEITH RUSSELL JUDD, Petitioner,

    v.                          No._____

Secretary of State of Louisiana;
STATE OF LOUISIANA, Respondents.

## MEMORANDUM BRIEF IN SUPPORT OF DECLARATORY JUDGMENT; CLASS ACTION

Petitioner, Keith Russell Judd, Pro Se, hereby submits his memorandum brief in support of a Declaratory Judgment of legal rights and other legal relations of any interested party under the United States Constitution and Laws.

**1.) Petitioner asks for a Judgment Declaring his rights under the United States Constitution to Ballot Placement in the 2012 Democratic Presidential Primary Election, and to Declare all State Laws in conflict as unconstitutional under the United States Constitution.** (See Complaint).

The State cannot add qualifications beyond Article II of the United States Constitution. See, U.S. Term Limits v. Thorton, 131 L.Ed.2d 881, 988-902 (1995)( **"the power to add qualifications is not part of the original powers of sovereignty that the Tenth Amendment has reserved to the states."**); Davidson v. Campbell, 233 F.3d 1229 (10th Cir. 2000)(cannot prohibit nomination of convicted felons); Scheafer v. Townsend, 2000 WL 780994 (9th Cir. 2000)(may not add qualifications); Gordon v. Secretary of State of New Jersey, 460 F.Supp. 1026 (D.N.J. 1978); U.S. Taxpayers Party v. Garza, 924 F.Supp. 71 (W.D. Texas); La Rouche v. Hannah Texas, 822 S.W.2d 632 (Tex. 1992)(**candidate was entitled to mandamus relief compelling State Party Chairman to certify Presidential Candidate's name for placement on primary election ballot, where chairman had improperly denied certification on grounds that Presidential Candidate was a convicted felon** ). Petitioner denies any allegations that he is a convicted felon, but such proof is not disqualifying.

The right to be considered for public service is protected by equal protection. Quinn v. Millsap, 491 U.S. 95, 105 L.Ed.2d 74, 109 S.Ct. 2324 (1989).

The imposition of filing fees on indigent candidate violates equal protection. See, Bullock v. Carter, 405 U.S. 134 (1972); Lubin v. Panish, 415 U.S. 709 (1974).

In <u>Harper v. Virginia State Board of Elections</u>, 383 U.S. 663 (1966), Justice Douglas, for the Court, relied in part on wealth discrimination as suspect.

A State may not deny to some the privilege of holding public office that it extends to others on the basis of distinctions that violate federal constitutional guarantees. See, <u>Turner v. Fouche</u>, 396 U.S. 346, 362, 24 L.Ed.2d 567, 90 S.Ct. 532 (1970)(**"members of their class do have a federal constitutional right to be considered for public service without the burden of invidiously discriminatory disqualifications."**); <u>Shapiro v. Thompson</u>, 22 L.Ed.2d 600 (1969). The 2012 State Democratic Presidential Primary Election is funded by State and Federal Funds. See, <u>Washington Grange v. Washington Republican Party</u>, 170 L.Ed.2d 151, 163 (2008) (**"Ballots serve primarily to elect candidates, not as forums for political expression."**); <u>Timmons v. Twin Cities New Party</u>, 520 U.S. 351, 363 (1997); <u>Ysursa v. Pocatello Education Association</u>, 172 L.Ed.2d 770 (2009)(the State is not required to subsidize political speech). Additional Party certification requirements are unconstitutional. See, <u>New York State Board of Elections v. Lopez-Torres</u>, 169 L.Ed.2d 665, 672 (2008); <u>California Democratic Party v. Jones</u>, 530 U.S. 567, 573, 120 S.Ct. 2402, 147 L.Ed.2d 502 (2008); <u>Williams v. Rhodes</u>, 383 U.S. 23 (1968)( the rights of individuals to associate for advancement of political belief).

**2.) Petitioner asks for a Judgment Declaring convicted felons' right to Vote in all Federal Elections under the United States Constitution, and to Declare all State Laws in conflict as unconstitutional under the United States Constitution.** See, <u>Bay County Democratic Party v. Land</u>, 347 F.Supp.2d 404, 422 (E.D. Mich. 2004)(**"candidates have standing to represent the rights of voters."**).

Any State Law that prohibits a convicted felon from Voting in a Federal Election violates the United States Constitution and is unconstitutional. See, <u>Marbury v. Madison</u>, 5 U.S. 137, 177 (1 Cranch 1803)(**"an Act of the Legislature repugnant to the Constitution is void."**); <u>Fletcher v. Peck</u>, 10 U.S. 87, 136 (1810)(**"But Georgia cannot be viewed as a single, unconnected sovereign power, on whose legislature no other restrictions are imposed than may be found in its own constitution."**); <u>United States v. Caron</u>, 77 F.3d 1, 2 (1st Cir. 1996)(en banc) (**"convicted felon does not lose right to vote."**); <u>Oregon v. Mitchell</u>, 400 U.S. 112, 124, 27 L.Ed.2d 272, 281, 91 S.Ct. 260 (1970)(**"it is the prerogative of Congress to over-see the conduct of presidential and vice presidential elections and to set the qualifications for voters for those elections."**); <u>Tashjian v. Republican Party of Connecticut</u>, 98 L.Ed.2d 514, 531-533 (1986)(**"the requirements of Article I, § 2, Cl. 1, and the Seventeenth Amendment apply to primaries as well as to**

2

general elections."). The State Laws that prohibit convicted felons from Voting in Federal Elections are unconstitutional.

The Federal Constitution demands that each and every citizen have an equally effective voice in the elections. See, Reynolds v. Sims, 377 U.S. 533 (1964); Common Cause/Georgia v. Billups, 406 F.Supp.2d 1326, 1359 (N.D.Ga. 2005)("A citizen has a constitutionally protected right to participate in elections on an equal basis with other citizens in the jurisdiction."); Bishop v. Bartlett, 575 F.3d 419, 424-25 (4th Cir. 2009)("It is without dispute that the right to vote is the most basic of political rights."); FEC v. Akins, 524 U.S. 11, 25, 118 S.Ct. 1777, 141 L.Ed.2d 10 (1998); Schieslinger v. Reservists Comm. To Stop the War, 418 U.S. 208, 223 n.13, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974).

The National Voter Registration Act, 42 U.S.C. § 1973gg, et seq., requires States to provide simplified system for registering convicted felons and imprisoned felons to Vote in Federal Elections. See, Young v. Fordice, 137 L.Ed.2d 448 (1997) (dual system for state and federal elections under NVRA); Charles H. Wesley Foundation, Inc. v. Fox, 408 F.3d 1349, 1354 (11th Cir. 2005)(NVRA "requires that valid registration forms be delivered by mail and postmarked in time to be processed."). Declaratory Judgment is available under the National Voter Registration Act, 42 U.S.C. § 1973gg-9(b)(2). See, Association of Community Organizations v. Fowler, 178 F.3d 350, 363 (5th Cir. 1999)("The aggreived person may bring a civil action in an appropriate district court for declaratory or injunctive relief with respect to the violation under 42 U.S.C. § 1973gg-9(b)(2)").

Under the Help America Vote Act, 42 U.S.C. § 15301(b)(1)(B), Congress makes payments to the States to improve accessibility to voting based on the latest census of the Voting Age Population, which includes convicted felons. See, Bay County Democratic Party v. Land, 347 F.Supp.2d 404 (E.D.Mich. 2004)("HAVA creates privately enforceable rights, and requires the States to allow all voting age citizens claiming eligibility to vote in all federal elections"); Harkless v. 545 F.3d 445, 454 (6th Cir. 2008)("the Constitution primarily treats States as election administrators rather than sovereign entities."). The State cannot accept federal funds based on convicted felons that are voting age citizens, and at the same time deny convicted felons right to Vote in all Federal Elections. See, Harper v. Virginia State Board of Elections, 383 U.S. 663, 665 (1966)("once the franchise is granted to the electorate, lines may not be drawn which are inconsistent with the Equal Protection Clause of the Fourteenth Amendment."); White v. Blackwell, 418 F.Supp.2d 988 (N.D. Ohio 2006).

3

Under the Fourteenth Amendment of the United States Constitution: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law, nor deny to any person within it jurisdiction the equal protection of the laws."

The Fifteenth Amendment provides: "The rights of citizens of the United States to vote shall not be denied or abridged by the United States or any State on account of race, color, or previous condition of servitude."

The Nineteenth Amendment provides: "The right of citizens of the United States to vote shall not be denied or abridged by the United States on account of sex." The Twenty Fourth Amendment provieds: "The rights of citizens of the United States to vote in any primary or other election for President or for Vice President, or for Senator or Representative in Congress shall not be denied or abridged by the United States or any State by reason of failure to pay any poll tax." And the Twenty Sixth Amendment provides: "The rights of citizens of the United States, who are eighteen years of age or older, to vote shall not be denied or abridged by the United States or any State on account of age."

There is absolutely no provision in the Constitution to allow the State to deny convicted felons the right to Vote in all Federal Elections. See, Fletcher v. Peck, 10 U.S. 87, 136 (1810)("and that Union has a Constitution the supremacy of which all acknowledge, and which imposes limits to the legislatures of the several States which none claim a right to pass."). See Article VI.

WHEREFORE, Petitioner, Keith Russell Judd, Pro Se, asks for Declaratory Judgment as prayed for in the Complaint, plus any other relief appropriate and just.

Date: June 16, 2011

RESPECTFULLY SUBMITTED,

*Keith Judd*
KEITH RUSSELL JUDD, Petitioner
P.O. Box 7000, #11593-051
Texarkana, Texas, 75505

PROOF OF FILING AND SERVICE BY U.S. MAIL BOX RULE

I declare under penalty of perjury pursuant to Houston v. Lack, 487 U.S. 266 (1988), that on June 16, 2011, I mailed this Memorandum with First Class U.S. Postage prepaid and properly addressed to:

1.) U.S. District Court, 500 Poydras Street, New Orleans, LA, 70130

By *Keith Judd*
KEITH JUDD

4

COMMITTED NAME: Keith Russell Judd
REG. NO. & QTRS.: 11593-051, Unit K-2
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 7000
TEXARKANA, TX 75505-7000

Legal Mail

SHREVEPORT LA 715
05 JUN 2011 PM 5 I

United States District Court
500 Poydras Street, Room C-151
New Orleans, LA,
70130